PER CURIAM.
 

 This matter is before the Court for consideration of proposed amendments to the Florida Probate Rules. We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).
 

 On January 29, 2010, the Florida Probate Rules Committee (Committee) submitted a regular-cycle report of proposed amendments to the Florida Probate Rules. The Committee proposes amendments to rules 5.020 (Pleadings; verification; motions); 5.030 (Attorneys); 5.040 (Notice); 5.041 (Service of Pleadings and Papers); 5.060 (Request for Notices and Copies of Pleadings); 5.110 (Address Designation for Personal Representative or Guardian; Designation of Resident Agent and Acceptance); 5.200 (Petition for Administration); 5.205 (Filing Evidence of Death); 5.210 (Probate of Wills Without Administration); 5.235 (Issuance of Letters, Bond); 5.260 (Caveat; Proceedings); 5.330 (Execution by Personal Representative); 5.340 (Inventory); 5.346 (Fiduciary Accounting); 5.360 (Elective Share); 5.405 (Proceedings to Determine Protected Homestead Real Property); 5.406 (Proceedings to Determine Exempt Property); 5.440 (Proceedings for Removal); 5.470 (Ancillary Administration); 5.496 (Form and Manner of Objecting to Claim); 5.696 (Annual Accounting); 5.710 (Reports of Public Guardian); and 5.725 (Emergency Court Monitor).
 

 Prior to filing the proposals with the Court, the Committee published them for comment. After the Committee submitted its report to the Court, the Court published the proposals for comment. No comments were received by the Committee or the Court.
 

 Accordingly, after consideration of the Committee’s proposals, we hereby adopt the amendments to the Florida Probate Rules as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments will become effective on January 1, 2011, at 12:01 a.m.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 5.020. PLEADINGS; VERIFICATION; MOTIONS (a) — (e) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1977 Revision — 2003 Revision [No Change]
 

 
 *579
 
 2010 Revision: Committee notes revised.
 

 Statutory References
 

 § 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
 

 § 731.104, Fla. Stat. Verification of documents.
 

 § 731.201, Fla. Stat. General definitions.
 

 § 733.202, Fla. Stat. Petition.
 

 § 733.604(1), Fla. Stat. ■I-nventorylnvento-ries and accountings; public records exemptions.
 

 § 733.901, Fla. Stat. Final discharge.
 

 § 735.203, Fla. Stat. Petition for summary administration.
 

 § 744.104, Fla. Stat. Verification of documents.
 

 § 744.3085, Fla. Stat. Guardian advocates.
 

 § 744.3201, Fla. Stat. Petition to determine incapacity.
 

 § 744.331, Fla. Stat. Procedures to determine incapacity.
 

 § 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
 

 Rule References
 

 [No Change]
 

 RULE 5.030. ATTORNEYS
 

 (a) [No Change]
 

 (b) LimitingLimited Appearance without Court Order. An attorney of record for an interested person in a proceeding governed by these rules shall be the attorney of record in all other proceedings in the administration of the same estate or guardianship, except service of process in an independent action on a claim, unless
 

 (1) at the time of appearance the attorney files a notice specifically limiting the attorney’s appearance only to the particular proceeding or matter in which the attorney appearSj-er
 

 (2)-the-court orders otherwise. At the conclusion of that proceeding or matter, the attorney’s role terminates upon the attorney filing notice of completion of limited appearance and serving a copy on the client and other interested persons.
 

 (c) Withdrawal or LimitingLimited Ap-pearancejwithComtOrder. An attorney of record may withdraw or limit the attorney’s appearance with approval of the court, after filing a motion 'setting forth the reasons and serving a copy on the client and other interested persons.
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1975 Revision — 2008 Revision [No Change] 2010 Revision: Subdivisions (b) and (c) amended to clarify the procedure for termination of an attorney’s representation of an interested person either with or without court order.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.040. NOTICE
 

 (a) — (c) [No Change]
 

 (d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice. When formal notice is given in lieu of
 
 *580
 
 informal notice, that notice does not modify any time period otherwise specified by-statute or these rules.
 

 Committee Notes
 

 Formal notice is the method of service used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice. “The manner provided for service of formal notice” is as provided in rule 5.040(a)(3).
 

 Informal notice is the method of service of notice given to interested persons entitled to notice when formal notice is not given or required.
 

 Reference in this rule to the terms “mail” or “mailing” refers to use of the United States Postal Service.
 

 Rule History
 

 1975 Revision — 2008 Revision [No Change] 2010 Revision: Subdivision (d) amended to clarify that the optional use of formal notice when only informal notice is required does not modify any time period otherwise specified by statute or rule. Committee notes revised.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.041. SERVICE OF PLEADINGS AND PAPERS (a) — (g) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1984 Revision — 2008 Revision [No Change] 2010 Revision: Committee notes revised.
 

 Statutory References
 

 ch. 89, Fla. Stat. Proceedings relating to children.
 

 ch. 48, Fla. Stat. Process and service of process.
 

 ch. 61, Fla. Stat. Dissolution of marriage; support; custodytime-sharing.
 

 ch. 63, Fla. Stat. Adoption.
 

 § 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
 

 § 731.201, Fla. Stat. General definitions.
 

 § 731.301, Fla. Stat. Notice.
 

 § 733.212, Fla. Stat. Notice of administration; filing of objections.
 

 § 733.2123, Fla. Stat. Adjudication before issuance of letters.
 

 § 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
 

 ch. 743, Fla. Stat. Disability of nonage of minors removed.
 

 § 744.3085, Fla. Stat. Guardian advocates.
 

 § 744.3201, Fla. Stat. Petition to determine incapacity.
 

 § 744.331, Fla. Stat. Procedures to determine incapacity.
 

 § 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
 

 § 744.447, Fla. Stat. Petition for authorization to act.
 

 ch. 751, Fla. Stat. Temporary custody of minor children by extended family.
 

 Rule References
 

 [No Change]
 

 
 *581
 
 RULE 5.060. REQUEST FOR NOTICES AND COPIES OF PLEADINGS
 

 (a) — (b) [No Change]
 

 Committee Notes
 

 Rule History
 

 1975 Revision — 2003 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References § 731.201, Fla. Stat. General definitions.
 

 § 733.604, Fla. Stat. Inventorylnventories and accountings; public records exemptions.
 

 Rule References
 

 [No Change]
 

 RULE 5.110. ADDRESS DESIGNATION FOR PERSONAL REPRESENTATIVE OR GUARDIAN; DESIGNATION OF RESIDENT AGENT AND ACCEPTANCE
 

 (a) Address Designation of Personal Representative or Guardian. Before letters are issued, the personal representative or guardian shall file a designation of its residence street address and mailing address. The personal representative or guardian shall notify the court of any change in its residence street address or mailing address within 20 days of the change.
 

 (b)-(g) [No Change]
 

 Committee Notes
 

 Rule History
 

 1977 Revision — 2008 Revision [No Change]
 

 2010 Revision: Subdivision (a) amended to require the personal representative or guardian to notify the court of any change of address to facilitate timely communication with the personal representative or guardian.
 

 Rule References
 

 [No Change]
 

 RULE 5.200. PETITION FOR ADMINISTRATION
 

 The petition for administration shall be verified by the petitioner and shall contain:
 

 (a) — (d) [No Change]
 

 (e) the priority, under the eod&Florida Probate Code, of the person whose appointment as the personal representative is sought and a statement that the person is qualified to serve under the laws of Florida;
 

 (f) — (j) [No Change]
 

 Committee Notes
 

 Rule History
 

 1977 Revision — 2007 Revision [No Change]
 

 2010 Revision: Editorial change in (e) to clarify reference to Florida Probate Code.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.205. FILING EVIDENCE OF DEATH
 

 (a) — (c) [No Change]
 

 Committee Notes
 

 A short form certificate of death, which does not disclose the cause of death, should be filed.
 

 Rule History
 

 1980 Revision — 2003 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 
 *582
 
 Statutory References
 

 § 28.222(3)(g), Fla. Stat. Clerk to be county recorder.
 

 § 382.008(6), Fla. Stat. Death and fetal death registration.
 

 § 731.103, Fla. Stat. Evidence as to death or status.
 

 § 733.2121, Fla. Stat. Notice to creditors; filing of claims.
 

 Rule References
 

 [No Change]
 

 RULE 5.210. PROBATE OF WILLS WITHOUT ADMINISTRATION
 

 (a) [No Change]
 

 (b) Service. The petitioner shall comply ¾⅛⅛-serve a copy of the petition on those persons who would be entitled to service under rule 5.240 with regard to sendee-of a-copy-of-the-petition.
 

 (c) [No Change]
 

 (d) Order. An order admitting the will to probate shall include a finding that the will has been executed as required by law.
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1975 Revision — 2007 Revision [No Change]
 

 2010 Revision: Subdivision (b) amended to reflect that sendee of the petition to admit a decedent’s will to probate without administration shall be served on the persons who would be entitled to service of the notice of administration in a formal administration as set forth in rule 5.240. New subdivision (d) added to provide that any order admitting the decedent’s will to probate without administration contain a finding that the will was executed as required by law. Committee notes revised.
 

 Statutory References
 

 § 731.201, Fla. Stat. General definitions.
 

 § 731.301, Fla. Stat. Notice.
 

 § 732.502, Fla. Stat. Execution of wills.
 

 § 732.503, Fla. Stat. Self-proof of will.
 

 § 733.103, Fla. Stat. Effect of probate.
 

 § 733.201, Fla. Stat. Proof of wills.
 

 § 733.202, Fla. Stat. Petition.
 

 § 733.204, Fla. Stat. Probate of a will written in a foreign language.
 

 § 733.205, Fla. Stat. Probate of notarial will.
 

 § 733.206, Fla. Stat. Probate of will of resident after foreign probate.
 

 § 733.207, Fla. Stat. Establishment and probate of lost or destroyed will.
 

 § 734.104, Fla. Stat. Foreign wills; admission to record; effect on title.
 

 Rule References
 

 Fla. Prob. R. 5.015 General definitions.
 

 Fla. Prob. R. 5.020 Pleadings, verification; motions.
 

 Fla. Prob. R. 5.205(a)(7) Filing evidence of death.
 

 Fla. Prob. R. 5.215 Authenticated copy of will.
 

 Fla. Prob. R. 5.216 Will written in foreign language.
 

 Fla. Prob. R. 5.230 Commission to prove will.
 

 Fla. .Prob. R. 5.240 Notice of administration.
 

 Fla. Prob. R. 5.270 Revocation of probate.
 

 
 *583
 
 RULE 5.235. ISSUANCE OF LETTERS, BOND
 

 (a) — (c) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1988 Revision — 2003 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References
 

 § 28.24 (2419), Fla. Stat. Service charges by clerk of the circuit court.
 

 § 28.2401, Fla. Stat. Service charges in probate matters.
 

 § 733.402, Fla. Stat. Bond of fiduciary; when required; form.
 

 § 733.403, Fla. Stat. Amount of bond.
 

 § 733.405, Fla. Stat. Release of surety.
 

 § 733.501, Fla. Stat. Curators.
 

 Rule References
 

 [No Change]
 

 RULE 5.260. CAVEAT; PROCEEDINGS
 

 (a) — (b) [No Change]
 

 (c)Resident Agent of Caveator; Service. If the caveator is not a state agency or a resident of the Florida county where the caveat is filed, the caveator shall file a designation ofdesignate an agent for service of notice. The designation shall state either (1) the name and specific mailing address and residence address of a resident in the county where the caveat is filed, or (2) the name and office address of a member of The Florida Bar residing in Floridaas the caveator’s agent for sendee of notice. The written acceptance by the person appointed as resident agent shall be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. — I-f—the ■■ caveator — is- represented by an attorney, admitted — to- practice in Florida who-signs the-caveat^-it- shall not be-necessar-y-to-designate-a-resident agent under this rule.
 

 (d) Filing After Commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, the clerk shall for-thwithpromptly notify the caveator in writing of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney.
 

 (e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shall for-thwithpromptly notify the caveator, in writing, advising the caveator of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney, unless notice has previously been served on the caveator. A copy of any notice given by the clerk, together with a certificate of the mailing of the original notice, shall be filed in the estate proceedings.
 

 (f) [No Change]
 

 Committee Notes
 

 Caveat proceedings permit a decedent’s creditor or other interested person to be notified when letters of administration are issued. Thereafter, the caveator must take appropriate action to protect the ca-veator’s interests.
 

 This rule treats the creditor caveator differently from other caveators.
 

 An attorney admitted to practice in Florida who represents the caveator may sign the caveat on behalf of the client.
 

 
 *584
 
 Rule History
 

 1977 Revision — 2003 Revision [No Change]
 

 2010 Revision: Subdivision (c) amended to clarify that a state agency filing a caveat need not designate an agent for service of process, and to provide that a caveator who is not a resident of the county where the caveat is filed must designate either a resident of that county or an attorney licensed and residing in Florida as the cave-ator’s agent. Editorial changes in (d) and (e). Committee notes revised.
 

 Statutory Reference
 

 [No Change]
 

 Rule Reference
 

 [No Change]
 

 RULE 5.330. EXECUTION BY PERSONAL REPRESENTATIVE
 

 [No Change]
 

 Committee Notes
 

 Rule History
 

 1975 Revision — 2003 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References
 

 § 733.502, Fla. Stat. Resignation of personal representative.
 

 § 733.604, Fla. Stat. Inventorylnventories and accountings; public records exemptions.
 

 § 733.612(5), (22), (24), Fla. Stat. Transactions authorized for the personal representative; exceptions.
 

 § 733.613, Fla. Stat. Personal representative’s right to sell real property.
 

 § 733.708, Fla. Stat. Compromise.
 

 § 733.901, Fla. Stat. Final discharge.
 

 Rule References
 

 [No Change]
 

 RULE 5.340. INVENTORY
 

 (a) Contents and Filing. Unless an inventory has been previously filed, the personal representative shall file an inventory of the estate within 60 days after issuance of letters. The inventory shall contain notice of the beneficiaries’ rights under subdivision (e), list the estate with reasonable detail and include for each listed item (excluding real property appearing to be protected homestead property) its estimated fair market value at the date of the decedent’s death. Real property appearing to be protected homestead property shall be listed and so designated.
 

 (b) — (c) [No Change]
 

 (d) Service. The personal representative shall serve a copy of the inventory and all supplemental and amended inventories on the Department-of- Revenue, the surviving spouse, each heir at law in an intestate estate, each residuary beneficiary in a testate estate, and any other interested person who may request it in writing. The personal representative shall file proof of such service.
 

 (e) Information. On reasonable -request in writing, the personal representative shall provide a beneficiary with information-to-which the beneficiary is entitled by law.the following:
 

 (1) To the requesting residuary beneficiary or heir in an intestate estate, a written explanation of how the inventory value for an asset was determined or, if an appraisal was obtained, a copy of the appraisal.
 

 (2) To any other requesting beneficiary, a written explanation of how the inventory value for each asset distributed or proposed to be distributed to that beneficiary was determined or, if an appraisal of that asset was obtained, a copy of the appraisal.
 

 
 *585
 
 (f) Notice to Nonresiduary Beneficiaries. The personal representative shall provide to each nonresiduary beneficiary written notice of that beneficiary’s right to receive a written explanation of how the inventory value for each asset distributed or proposed to be distributed to that beneficiary was determined or a copy of an appraisal, if any, of the asset.
 

 UU(ff) Elective Share Proceedings. Upon entry of an order determining the surviving spouse’s entitlement to the elective share, the personal representative shall file an inventory of the property entering into the elective estate which shall identify the direct recipient, if any, of that property. The personal representative shall serve the inventory of the elective estate as provided in rule 5.360. Service of an inventory-of-the-elective estate on the Department-of-Revenuo is not-required. On reasonable request in writing, the personal representative shall provide an interested person with a written explanation of how the inventory value for an asset was determined and shall permit an interested person to examine appraisals on which the inventory values are based.
 

 (gXh) Verification. All inventories shall be verified by the personal representative.
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1980 Revision — 2008 Revision [No Change]
 

 2010 Revision: Subdivisions (d) and (g) (former (f)) amended to delete the requirement to serve a copy of the inventory on the Department of Revenue. Subdivision (e) amended, and new (f) created, to limit the kind of information available to nonre-siduary beneficiaries, and subsequent subdivisions relettered. Editorial changes in (a), (e), and (g). Committee notes revised.
 

 Constitutional Reference
 

 [No Change]
 

 Statutory References
 

 ■§ ■■■199.062(4), Fla. Stat. Annual-tax information-reports.
 

 § 732.401, Fla. Stat. Descent of homestead.
 

 § 732.4015, Fla. Stat. Devise of homestead.
 

 § 733.604, Fla. Stat. Inventorylnventories and accountings; public records exemptions.
 

 Rule References
 

 [No Change]
 

 RULE 5.346. FIDUCIARY ACCOUNTING
 

 (a) — (d) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1988 Revision — 2007 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References
 

 § 733.501, Fla. Stat. Curators.
 

 § 733.5036, Fla. Stat. Accounting and discharge following resignation.
 

 § 733.508, Fla. Stat. Accounting and discharge of removed personal representatives upon removal.
 

 § 733.602(1), Fla. Stat. General duties.
 

 § 733.612(18), Fla. Stat. Transactions authorized for the personal representative; exceptions.
 

 § — 7-36rQ8-l-35,-FIa. -Stat. Trust-accountings.
 

 ch. 738, Fla. Stat. Principal and income.
 

 
 *586
 
 [[Image here]]
 

 
 *587
 
 [[Image here]]
 

 
 *588
 
 [[Image here]]
 

 
 *589
 
 [[Image here]]
 

 
 *590
 
 [[Image here]]
 

 
 *591
 
 [[Image here]]
 

 
 *592
 
 [[Image here]]
 

 RULE 5.360. ELECTIVE SHARE (a) — (e) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1984 Revision — 2005 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References
 

 § 732.201, Fla. Stat. Right to elective share.
 

 § 732.2025, Fla. Stat. Definitions.
 

 § 732.2035, Fla. Stat. Property entering into elective estate.
 

 § 732.2045, Fla. Stat. Exclusions and overlapping application.
 

 § 732.2055, Fla. Stat. Valuation of the elective estate.
 

 § 732.2065, Fla. Stat. Amount of the elective share.
 

 § 732.2075, Fla. Stat. Sources from which elective share payable; abatement.
 

 § 732.2085, Fla. Stat. Liability of direct recipients and beneficiaries.
 

 
 *593
 
 § 732.2095, Fla. Stat. Valuation of property used to satisfy elective share.
 

 § 732.2125, Fla. Stat. Right of election; by whom exercisable.
 

 § 732.2135, Fla. Stat. Time of election; extensions; withdrawal.
 

 § 732.2145, Fla. Stat. Order of contribution; personal representative’s duty to collect contribution.
 

 § 733.604, Fla. Stat. Inventorylnventories and accountings; public records exemptions.
 

 Rule References
 

 [No Change]
 

 RULE 5.405. PROCEEDINGS TO DETERMINE PROTECTED HOMESTEAD REAL PROPERTY (a) — (c) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1984 Revision — 2007 Revision [No Change] 2010 Revision: Committee notes revised.
 

 Constitutional Reference
 

 [No Change]
 

 Statutory References
 

 § 731.104, Fla. Stat. Verification of documents.
 

 § 731.201(3433), Fla. Stat. General definitions.
 

 § 732.401, Fla. Stat. Descent of homestead.
 

 § 732.4015, Fla. Stat. Devise of homestead. § 733.607, Fla. Stat. Possession of estate.
 

 § 733.608, Fla. Stat. General power of the personal representative.
 

 Rule References
 

 [No Change]
 

 RULE 5.406. PROCEEDINGS TO DETERMINE EXEMPT PROPERTY
 

 (a) — (b) [No Change]
 

 (c) Order. The court shall determine each item of exempt property and its value, if necessary to determine its exempt status, and order the surrender of that property to the persons entitled to it.
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1984 Revision — 2003 Revision [No Change]
 

 2010 Revision: Subdivision (c) amended to limit the instances in which the value of the property claimed as exempt needs to be stated in the order.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.440. PROCEEDINGS FOR REMOVAL OF PERSONAL REPRESENTATIVE
 

 (a) — (d) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1980 Revision — 2007 Revision [No Change]
 

 2010 Revision: Editorial change in title to clarify scope of rule.
 

 Statutory References
 

 [No Change]
 

 
 *594
 
 Rule References
 

 [No Change]
 

 RULE 5.470. ANCILLARY ADMINISTRATION
 

 (a) — (c) [No Change]
 

 Committee Notes
 

 Rule History
 

 1975 Revision — 2005 Revision [No Change]
 

 2010 Revision: Committee notes revised.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 Fla. Prob. R. 5.020 Pleadings; verification; motions.
 

 Fla. Prob. R. 5.040 Notice.
 

 Fla. Prob. R. 5.041 Service of pleadings and papers.
 

 Fla. Prob. R. 5.042 Time.
 

 Fla. Prob. R. 5.065(b) Notice of civil action or ancillary administration.
 

 Fla. Prob. R. 5.205(a)(2) Filing evidence of death.
 

 Fla. Prob. R. 5.215 Authenticated copy of will.
 

 Fla. Prob. R. 5.240 Notice of administration.
 

 Fla. Prob. R. 5.241 Notice to creditors.
 

 Fla. Prob. R. 5.475 Ancillary administration, short form.
 

 Fed.R.Civ.P. 44(a) Proof of Proving an official record.
 

 RULE 5.496. FORM AND MANNER OF OBJECTING TO CLAIM
 

 (a)[No Change]
 

 APPENDIX A — Continued
 

 (b) Service. A personal representative or other interested person who files an objection to the claim shall serve a copy of the objection on the claimant within -10-days after the filing-of-the objection. — The-objection shaliinclude a certificate of.service. If the objection is filed by an interested person other than the personal representative, a copy of the objection shall also be served on the personal representative within-10 days after the-filing-of-the-objee-tien Any objection shall include a certificate of service.
 

 (c) [No Change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1992 Revision — 2007 Revision [No Change] 2010 Revision: Subdivision (b) amended to delete the requirement to serve a copy of an objection to a claim within 10 days, and to clarify the requirement to include a certificate of service.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.696. ANNUAL ACCOUNTING
 

 (a) [No Change]
 

 (b) Substantiating Papers. Unless otherwise ordered by the court, the guardian need not file the papers substantiating the annual accounting. Upon reasonable written request, the guardian of the property shall make the substantiating papers available for examination to persons entitled to receive or inspect the annual accounting. Substantiating — papers need ■ not be-filed wlth-ihe-court unless so ordered-
 

 (c) [No Change]
 

 
 *595
 
 Committee Notes
 

 Rule History
 

 1991 Revision — 1992 Revision [No Change]
 

 2010 Revision: Editorial-change in (b) to delete redundant language.
 

 Statutory References
 

 [No Change]
 

 Rule References
 

 [No Change]
 

 RULE 5.710. REPORTS OF PUBLIC GUARDIAN
 

 The public guardian, as the guardian of a ward, shall file:
 

 (a) — (d) [No Change]
 

 (e) a report of an independent audit by a qualified certified public accountant, filete be filed with the Statewide Public Guardianship Office every 2 years.
 

 Committee Notes
 

 Rule History
 

 1987 Revision — 2007 Revision [No Change]
 

 2010 Revision: Editorial change in (e).
 

 Statutory Reference
 

 [No Change]
 

 Rule Reference
 

 [No Change]
 

 RULE 5.725. EMERGENCY COURT MONITOR
 

 (a) — (b) [No Change]
 

 (c) Duration of Authority. The authority of a monitor appointed under this section-expires 60 days after the date of appointment or upon a finding of no probable cause, whichever occurs first. The court may enter an order extending the authority of the monitor for an additional 30 days upon a showing that an emergency condition still exists.
 

 (d) (f) [No Change]
 

 Committee Notes
 

 Rule History
 

 2006 Revision — 2008 Revision [No Change]
 

 2010 Revision: Editorial change in (c).
 

 Statutory references
 

 [No Change]