PER CURIAM.
In response to recent legislation, The Florida Bar’s Probate Rules Committee (Committee) has filed an out-of-cycle, fast-track report of proposed amendments to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes amendments to rules 5.201 (Notice of Petition for Administration), 5.260 (Caveat; Proceedings) and 5.360 (Elective Share), and new rule 5.3425 (Search of Safe Deposit Box). The proposals are in response to statutory changes made by chapter 2010-132, Laws of Florida, which went into effect October 1, 2010. See ch. 2010-132, §§ 2, 3, 6, 14, 19, Laws of Fla. (amending §§ 655.935, 731.110, 732.2125, 733.2123 Fla. Stat.; providing effective date). The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the proposals.
After considering the Committee’s proposals and reviewing the relevant legislation, we adopt all the Committee’s proposals except the proposed amendment to subdivision (b) of rule 5.260. Consistent with statutory changes made by chapter 2010-132, section 3, Laws of Florida, we amend subdivision (b) to delete the requirement that a caveat contain certain personal information about the decedent and caveator. See ch. 2010-132, § 3, Laws of Fla. (amending § 731.110, Fla. Stat., to delete requirement that caveat contain personal information also referenced in rule). The remaining amendments, which we adopt as proposed by the Committee, are straightforward and responsive to the statutory changes referenced in the report.
Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments to rule 5.260(c) and corresponding rule history shall become effective January 1, 2011, at 12:02 a.m.[1] The amendments to the remainder of the rules shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[2]
It is so ordered.
*1147 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 5.201. NOTICE OF PETITION FOR ADMINISTRATION
(a) Petitioner Entitled to Preference of Appointment. Except as may otherwise be required by these rules or the Florida Probate Code, no notice need be given of the petition for administration or the issuance of letters when it appears that the petitioner is entitled to preference of appointment as personal representative.
(b) Petitioner Not Entitled to Preference. Before letters shall be issued to any person who is not entitled to preference, formal notice shaiimust be served on all known persons qualified to act as personal representative and entitled to preference equal to or greater than the applicant, unless those entitled to preference waive it in writing.
(c) Service of Petition by Formal Notice. If the petitioner elects or is required to serve formal notice of the petition for administration prior to the issuance of letters, a copy of the will offered for probate must be attached to the notice.
Committee Notes
[No Change]
Rule History
1988 Revision — 2003 Revision: [No Change]
2010 Revision: Subdivision (c) added to require service of a copy of the will offered for probate. This requirement was included in section 733.2123, Florida Statutes, but was removed in 2010 because it was deemed to be a procedural requirement. Committee notes revised. Editorial changes.
Statutory References
[No Change]
Rule References
[No Change]
RULE 5.260. CAVEAT; PROCEEDINGS
(a) Filing. Any creditor or interested person other than a creditor may file a caveat with the court. The caveat of an interested person, other than a creditor, may be filed before or after the death of the person for whom the estate will be, or is being, administered. The caveat of a creditor may be filed only after the person’s death.
(b) Contents. The caveat shall contain the decedent’s name, the-decedent’s social security number, — or—date—of -birth, — if ■Imown^-a-statement-ofthe-interest of the caveator-in-the-■ estate, and the name, and specific mailing address, and residence-address of the caveator.
(c) Resident Agent of Caveator; Service. If the caveator is not a state agency or a resident of the-Florida county where the-caveat is filed, the caveator shaiimust file a designation of-4esignate-an-agent-fer serv-ice-of-nofice; — The-designation-shall state-either-(-l-> the name and specific mailing address and residence address of a resident in the county where the caveat is filed, or (2) the name and office address of a-member-of-The-F-lor-ida-Bar-residi-ng-j-n Florida as the caveator’s agent for service *1148 of notice. The written acceptance by the person appointed as resident agent shallmust be filed with the designation or included in the caveat. The designation and acceptance shall constitute the consent of the caveator that service of notice upon the designated resident agent shall bind the caveator. If the caveator is represented by an attorney admitted to practice in Florida who signs the caveat, it shall not be necessary to designate a resident agent under this rule.
(d) Filing after Commencement. If at the time of the filing of any caveat the decedent’s will has been admitted to probate or letters of administration have been issued, the clerk shallmust promptly notify the caveator in writing of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney.
(e) Creditor. When letters of administration issue after the filing of a caveat by a creditor, the clerk shallmust promptly notify the caveator, in writing, advising the caveator of the date of issuance of letters and the names and addresses of the personal representative and the personal representative’s attorney, unless notice has previously been served on the caveator. A copy of any notice given by the clerk, together with a certificate of the mailing of the original notice, shallmust be filed in the estate proceedings.
(f) Other Interested Persons; Before Commencement. After the filing of a caveat by an interested person other than a creditor, the court shallmust not admit a will of the decedent to probate or appoint a personal representative without service of formal notice on the caveator or the cave-ator’s designated agent.
Committee Notes
[No Change]
Rule History
1977 Revision — 2003 Revision: [No Change]
2010 Cycle Report Revision: Subdivision (c) amended to clarify that a state agency filing a caveat need not designate an agent for service of process, and to provide that a caveator who is not a resident of the county where the caveat is filed must designate either a resident of that county or an attorney licensed and residing in Florida as the caveator’s agent. Editorial changes in (d) and (e). Committee notes revised.
2010 Out-of-Cycle Report Revision: Subdivisions (a) and (b) amended to conform with statutory changes. Subdivision (c) amended to read as it existed prior to SC10-171 (35 FLW S482) due to a subsequent legislative amendment (Chapter 2010-132, § 3, Laws of Fla.). Editorial changes in (d), (e), and (f). Committee notes revised.
Statutory Reference
[No Change]
Rule Reference
[No Change]
RULE 5.3425. SEARCH OF SAFE DEPOSIT BOX
(a) Petition for Order Authorizing Search. The petition for an order authorizing the search of a safe deposit box leased or co-leased by a decedent must be verified and must contain:
(1) The petitioner’s name, address, and interest, if any, in the estate;
(2) The decedent’s name, address, date and place of death, and state and county of domicile;
*1149 (3) A description of the safe deposit box leased by the decedent and, if known, the name of any co-lessee;
(4) The name and address of the institution where the safe deposit box is located; and
(5) A statement that the petitioner believes that the decedent may have left in the safe deposit box one or more of the following:
(A) A will or codicil of the decedent, or a writing described in section 732,515 of the Code;
(B) A deed to a burial plot;
(C) A writing giving burial instructions; or
(D) Insurance policies on the life of the decedent.
(b) Order. If the Court determines that the petitioner is entitled to an order authorizing a search of the decedent’s safe deposit box, it must enter an order
(1) authorizing the petitioner to open the safe deposit box in the presence of an officer of the lessor and, if requested by the petitioner, to remove and deliver
(A) to the court having probate .jurisdiction in the county where the lessor is located any writing purporting to be a will or codicil of the decedent and any writing purporting to identify devises of tangible property;
(B) to the petitioner, any writing purporting to be a deed to a burial plot to give burial instructions; and
(C) to the beneficiary named therein, any document purporting to be an insurance policy on the life of the decedent.
(2) directing the officer of the lessor to make a complete copy of any document removed and delivered pursuant to the court order, together with a memorandum of delivery identifying the name of the officer, the person to whom the document was delivered, and the date of delivery, to be placed in the safe deposit box leased or co-leased by the decedent.
Committee Notes
The search of the safe deposit box is not considered an initial opening and is not subject to the inventory requirements of rule 5.342.
Rule History
2010 Revision: New rule.
Statutory References
§ 655.935, Fla. Stat. Search procedure on death of lessee.
RULE 5.360. ELECTIVE SHARE
(a) Election. An election to take the elective share may be filed by the surviving spouse, or on behalf of the surviving spouse by an attorney-in-fact or guardian of the property of the surviving spouse.
(1) Election by Surviving Spouse. An electing surviving spouse shalimust file the election within the time required by law and promptly serve a copy of the election on the personal representative in the manner provided for service of formal notice.
(2) Election by Attorney-in-Fact or Guardian of the Property of Surviving Spouse.
(A) Petition for Approval. Before filing the election, the attorney-in-fact or guardian of the property of the surviving spouse shalimust petition the court having jurisdiction of the probate proceeding for approval to make the election. The petition for approval shalimust allege the authority to act on behalf of the surviving spouse and facts supporting the election.
(B) Notice of Petition. Upon receipt of the petition, the personal representative shalimust promptly serve a copy of the petition by formal notice on all interested persons.
*1150 (C) Order Authorizing Election. If the election is approved, the order must include a finding that the election is in the best interests of the surviving spouse during the spouse’s probable lifetime.
(D) Filing the Election. Upon entry of an order authorizing the filing of an election, the attorney-in-fact or guardian of the property shallmust file the election within the later of the time provided by law or 30 days from service of the order and promptly serve a copy of the election on the personal representative in the manner provided for service of formal notice,
(b)Procedure for Election.
(l)-(2) [No Change]
(3) Service of Notice. Upon receipt of an election the personal representative shallmust serve a notice of election within 20 days following service of the election, together with a copy of the election, on all interested persons in the manner provided for service of formal notice. The notice of election shallmust indicate the names and addresses of the attorneys for the surviving spouse and the personal representative and shallmust state that:
(A) persons receiving a notice of election may be required to contribute toward the satisfaction of the elective share;
(B) objections to the election must be served within 20 days after service of the copy of the notice of election; and
(C) if no objection to the election is timely served, an order determining the surviving spouse’s entitlement to the elective share may be granted without further notice.
(4) Objection to Election. Within 20 days after service of the notice of election, an interested person may serve an objection to the election which shallmust state with particularity the grounds on which the objection is based. The objecting party shallmust serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shallmust promptly serve a copy of the objection on all other interested persons who have not previously been served with a copy of the objection.
(c) Determination of Entitlement.
(1) No Objection Served. If no objection to the election is timely served, the court shallmust enter an order determining the spouse’s entitlement to the elective share.
(2) Objection Served. If an objection to the election is timely served, the court shallmust determine the surviving spouse’s entitlement to the elective share after notice and hearing.
(d) Procedure to Determine Amount of Elective Share and Contribution.
(1) Petition by Personal Representative. After entry of the order detei’min-ing the surviving spouse’s entitlement to the elective share, the personal representative shallmust file and serve a petition to determine the amount of the elective share. The petition shallmust
(A) give the name and address of each direct recipient known to the personal representative;
(B) describe the proposed distribution of assets to satisfy the elective share, and the time and manner of distribution; and
(C) identify those direct recipients, if any, from whom a specified contribution will be required and state the amount of contribution sought from each.
(2) Service of Inventory. The inventory of the elective estate required by rule 5.340, together with the petition, shallmust be served within 60 days after entry of the order determining entitlement to the elective share on all interested persons in *1151 the manner provided for service of formal notice.
(3) [No Change]
(4) Objection to Amount of Elective Share. Within 20 days after service of the petition to determine the amount of the elective share, an interested person may serve an objection to the amount of or distribution of assets to satisfy the elective share. The objection shallmust state with particularity the grounds on which the objection is based. The objecting party shallmust serve copies of the objection on the surviving spouse and the personal representative. If an objection is served, the personal representative shallmust promptly serve a copy of the objection on all interested persons who have not previously been served.
(5) Determination of Amount of Elective Share and Contribution.
(A) No Objection Served. If no objection is timely served to the petition to determine the amount of the elective share, the court shallmust enter an order on the petition.
(B) Objection Served. If an objection is timely served to the petition to determine the amount of the elective share, the court shallmust determine the amount of the elective share and contribution after notice and hearing.
(6) Order Determining Amount of Elective Share and Contribution. The order shallmust:
(A) set forth the amount of the elective share;
(B) identify the assets to be distributed to the surviving spouse in satisfaction of the elective share; and
(C) if contribution is necessary, specify the amount of contribution for which each direct recipient is liable.
(e) Relief from Duty to Enforce Contribution. A petition to relieve the personal representative from the duty to enforce contribution shallmust state the grounds on which it is based and notice shallmust be served on interested persons.
Committee Notes
[No Change]
Rule History
1984 Revision — 2005 Revision: [No Change]
2010 Cycle Report Revision: Committee notes revised.
2010 Out-of-Cycle Report Revision: Subdivision (a)(2) amended to conform to an amendment to § 732.2125, Florida Statutes.
Statutory References
[No Change]
Rule References
[No Change]

. The amendments to rule 5.260(c) delete language that was added as part of the 2010 regular-cycle amendments, which will become effective January 1, 2011, at 12:01 a.m. See In re Amendments to the Fla. Probate Rules, 50 So.3d 578 (Fla.2010).

. An original and nine paper copies of all comments must be filed with the Court on or before February 7, 2011, with a certificate of service verifying that a copy has been served on the committee chair, Jeffrey Scott Goethe, 3119 Manatee Avenue West, Bradenton, Flori *1147 da 34205-3350, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until February 28, 2011, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court’s administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).