PER CURIAM.
 

 In the December 9, 2010, opinion in this case, the Court amended the Florida Probate Rules, in response to recent changes to the Florida Probate Code.
 
 In re Amendments to the Florida Probate Rules,
 
 51 So.3d 1146 (Fla.2010). The opinion gave interested persons sixty days to comment on the amendments.
 
 Id.
 
 After considering the sole comment filed by the Real Property, Probate and Trust Law Section of The Florida Bar and the Probate Rules Committee’s response to that comment, we further amend Probate Rule 5.260(b).
 
 [1]
 

 We amend subdivision (b) (Content) of rule 5.260 (Caveat; Proceedings) to rein-corpórate the deleted requirement that a caveat contain certain personal information about the decedent and the caveator. We deleted from the rule the requirement that a caveat contain certain personal information because the requirement had been deleted from section 731.110, Florida Statutes by chapter 2010-132, section 3, Laws of Florida.
 
 See
 
 51 So.3d at 1146. In its comment, the Real Property, Probate and Trust Law Section explained that the Section’s Probate Law Committee had urged the deletion of the content requirements from the statute because the committee determined the requirements was more properly addressed by the rule than by statute.
 
 See
 
 Fla. Prob. R. 5.010 comm, note (1988) (providing that the Rules Committee, through the Section, will seek repeal of procedural portions of the Probate Code that are addressed by rule). The Rules Committee agrees with the Section’s suggested changes to the rule. Accordingly, we amend rule 5.260(b), as reflected in the appendix to this opinion.
 

 First, as suggested by the Section, we replace the term “decedent” with “the person for whom the estate will be, or is being, administered” to account for the fact that an interested person other than a creditor may now file a caveat prior to the death of the subject of the caveat. We also replace the deleted requirement that a caveat contain the subject of the caveat’s social security number or birth date, and a statement of the caveator’s interest in the estate. However, as amended, subdivision (b) now limits the listing of the social security number to the last four digits and birth date to the year of birth. These limitations are consistent with amendments intended to minimize personal information filed with the court made in
 
 In re Implementation of Committee on Privacy & Court Records Recommendations,
 
 — So.3d —, 2011 WL 2566360 (Fla.2011).
 

 Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is underscored, and deleted language is struck through. The amendments shall become effective immediately upon the release of this opinion.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 5.260. CAVEAT; PROCEEDINGS
 

 (a) [No change]
 

 
 *1037
 
 (b) Contents. The caveat shall contain the decedent’s nameT of the person for whom the estate will be, or is being, administered, the last 4 digits of the person’s social security number or year of birth, if known, a statement of the interest of the caveator in the estate, and the name and specific mailing address of the caveator.
 

 (c)-(f) [No change]
 

 Committee Notes
 

 [No Change]
 

 Rule History
 

 1977 Revision — 2010 Out-of-Cycle Report Revision: [No change]
 

 2011 Revision: Subdivision (b) amended to replace language removed in 2010 out-of-cycle revision, to replace term “decedent with person for whom the estate will be, or is being, administered,” and to limit listing of a social security number to the last four digits and a date of birth to the year of birth.
 

 Statutory Reference
 

 [No Change]
 

 Rule Reference
 

 [No Change]
 

 [1]
 

 . We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.